Bill No. 9, as qualified by the trial judge, reflects that upon cross examination of appellant, he was asked:

"Q. And you are under indictment for another hi-jacking on the same night."

Appellant objected to such question and the objection was sustained.

Appellant was then further examined, such examination, answers, objections and rulings thereon being as follows:

"Q. You have a hi-jacking pending in this court? A. At same time.

"Q. Another man, Mr. Earl? A. Both of them were together, if I remember correctly on that.

"Q. You are under indictment for robbery of Mr. Samuel T. Earl of $16 current money?

"Mr. Tessmer: Your Honor.

"A. I was indicted for it.

"Mr. Wade: What's that?

"Mr. Tessmer: He is trying to impeach this witness by showing a mere charge.

"The Court: Overrule you.

"Mr. Tessmer: Doesn't show completed.

"The Court: Overrule you now; let him answer the question.

"A. Yes.

"Q. You are under indictment in this court in Case No. 6676-AB, Charge of Robbery with Firearms of Samuel T. Earl? A. I received indictment papers on those."

Appellant now contends that the evidence so adduced was objectionable because the details of the charge were shown—that the State did not confine its cross examination for impeachment purposes to proof that appellant was under another indictment for the offense of robbery.

An examination of the qualification to the bill above quoted discloses that the sole ground of objection made at the time was "He is trying to impeach this witness by showing a mere charge * * * Doesn't show completed."

 Such objection was properly overruled. See 45 Tex.Jur. 236, Sec. 318; McCormick & Ray's Texas Law of Evidence, p. 393, Sec. 312.

The contention now raised—that the details of the offense were shown—is not raised by the bill, and is therefore not before us for consideration.

We remain convinced that reversible error is not shown.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.

### CHILDS v. STATE.

No. 25123.

Court of Criminal Appeals of Texas.

Dec. 13, 1950.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The offense was the driving of a motor vehicle upon a public highway while intoxicated; the punishment, sixty days' confinement in jail.

It is properly made to appear that since the appeal in this case the appellant has died.

Accordingly, the appeal is abated.

Opinion approved by the court.